IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. NICHOLS, | ) | CASE NO. 1:10 CV 390 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARGARET A. BEIGHTLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

**Introduction**

Before me by referral[1] is the *pro se* petition of William A. Nichols for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Nichols is currently incarcerated by the State of Ohio at the Marion Correctional Institution in Marion, Ohio.[3] He is serving a sentence of eight years imposed in 2009 by the Richland County Court of Common Pleas upon Nichols's 2008 conviction by a jury on multiple counts related to his participation in various robberies.[4]

In his petition, Nichols asserts as a sole ground for relief that he was denied his constitutional right to a speedy trial.[5] In response, the State contends that because Nichols

---

[1] Pursuant to Local Rule 72.2, the matter was referred to me by non-document entry dated April 28, 2010.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id*; *see also*, ECF # 5, Attachment (state record) at 74 (re-sentencing order).

[5] ECF # 1 at 5.

advanced the speedy trial argument to Ohio courts solely as a question of state law, his federal constitutional claim should be dismissed as not fairly presented.[6] Alternatively, the State maintains that even if the speedy trial argument were properly presented to the Ohio courts as a federal constitutional question, this ground for relief should nonetheless be denied since the facts in Nichols's case do not establish any right to relief under the balancing test articulated by the Supreme Court for speedy trial claims.[7] Nichols did not file a traverse.

For the reasons that follow, the State's position on lack of fair presentment is well-taken. I recommend that the present petition be dismissed.

## Facts

### A.   Underlying facts, trial, and sentence

The relevant facts here are somewhat detailed but straightforward. As stated by the Ohio appeals court,[8] Nichols came to the attention of police in 2005 as they investigated several break-ins involving Nichols's son, Ryan.[9] A participant in the robberies told police after his arrest that Nichols had assisted his son and the other thieves, including purchasing

---

[6] ECF # 5 at 15-20.

[7] *Id*. at 21-23 (citing *Doggett v. United States*, 505 U.S. 647 (1992)).

[8] Facts found by the state appeals court on its review of the trial record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[9] ECF # 5, Attachment at 179 (state appeals court opinion).

some stolen property.[10] At about the same time that police received this information, a confidential informant also told them that Nichols had purchased stolen property.[11]

Accordingly, police decided to conduct a "reverse sting," whereby the confidential informant would wear a wire and approach Nichols attempting to sell as stolen some cameras furnished by the police.[12] In a secretly recorded transaction, Nichols purchased three purportedly stolen cameras from the informant.[13] As a result of that operation, police obtained a search warrant for Nichols's home.[14] When police served that warrant, they found that Nichols had a large amount of cash, 58 items of stolen merchandise, many still with store tags, and a receipt for a bank safe deposit box.[15] Upon opening that safe deposit box, police discovered various collectors items and coins, as well as men's and women's rings.[16]

Nichols was arrested.[17] While Nichols was in jail, authorities recorded several phone calls during which, among other things, Nichols referred to a drill that police believed may

---

[10] *Id*. at 179-81.

[11] *Id.* at 182.

[12] *Id.*

[13] *Id*. at 183.

[14] *Id*.

[15] *Id.*

[16] *Id*. at 184.

[17] *Id*.

have been used to open a safe taken in an earlier burglary.[18] Based on those calls, police obtained another search warrant for Nichols's home.[19] When executing that warrant, police discovered the drill hidden in the basement and, in Nichols's car, found criminal tools, a hooded sweatshirt, and knit hats with eye holes cut out.[20]

As a result of his first arrest, Nichols had been indicted on three counts of receiving stolen property.[21] He was shortly thereafter released on bond, and some months later the prosecution moved to dismiss the indictment in order to later re-present it after further investigation.[22] The court dismissed this case without prejudice, and these counts were included in the indictment for which Nichols was ultimately tried.[23]

Nichols was arrested a second time within a week of being released on bond, this time on a charge related to the rings found in the safe deposit box; a discovery, as noted, made possible by serving the first search warrant.[24] Once again, Nichols was soon thereafter

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 184-85.

[24] *Id.* at 185.

released on bond, and once again, this charge was later dismissed so that it could be incorporated into a new indictment now at the heart of the present case.[25]

Approximately six months after these first two arrests, Nichols was arrested yet again.[26] This third arrest was on charges of safe cracking, receiving stolen property, and possession of criminal tools.[27] These counts all stemmed from the second search warrant and were connected to crimes involving Nichols's son.[28] As previously, the indictment here was later dismissed and the counts consolidated into a single indictment covering all prior charges.[29]

Following his re-indictment on the aggregated charges, Nichols case was set for trial on June 11, 2007.[30] However, before trial could begin, the start date was set back four separate times by the trial judge, who, *sua sponte*, postponed the date because of conflicts with other matters on the docket.[31] Each time,[32] the court specified that because the delay

---

[25] *Id*.

[26] *Id.*

[27] *Id*.

[28] *Id*.

[29] *Id.* at 185-86.

[30] *Id*. at 186.

[31] *Id.*

[32] The five dates were: June 11, 2007; August 20, 2007; October 29, 2007; and January 7, 2008. *See*, ECF # 5 at 7.

was caused by developments in other cases, any additional time required until Nichols could be tried should toll the running of Ohio's speedy trial statute.[33]

In early March, 2008, Nichols filed a motion to dismiss his case for speedy trial violations.[34] The trial court, once again, entered an order delaying the start of trial.[35] The prosecution, in reply, conceded that a speedy trial violation had occurred as to those counts arising out of the first two arrests, and those counts were dismissed.[36] However, the State also argued that the remaining counts related to Nichols's third arrest and to new facts uncovered in that regard, and so should not be barred from going forward.[37] The trial court agreed with the prosecution and denied Nichols's motion as to the remaining counts, setting the case for trial on July 14, 2008.[38]

At trial, the jury found Nichols guilty as charged on all counts.[39] The court thereupon sentenced Nichols to a total of eight years in prison. Specifically, the sentence constituted consecutive terms of six years in prison on the pattern of corrupt activity charge, and four

---

[33] ECF # 5, Attachment at 9-13.

[34] *Id*. at 14.

[35] *See*, ECF # 5 at 7.

[36] ECF # 5, Attachment at 186.

[37] ECF # 5 at 7.

[38] ECF # 5, Attachment at 186.

[39] *Id*. at 187.

six-month terms on the remaining counts: three charges of receiving stolen property and one of possessing criminal tools.[40]

### B.    First direct appeal

Nichols, through counsel,[41] timely[42] appealed his conviction and sentence.[43] In his brief in support,[44] Nichols raised the following three assignments of error:

1.  Appellant was deprived of a fair trial by the reference to the fact that appellant had previously spent time in prison.

2.  Appellant was denied his right to a speedy trial on counts two through five.

3.  In count five, appellant was convicted of a crime for which he was not charged.[45]

After reviewing the filing, and before the State had responded, the appellate court, *sua sponte*, ruled that the judgment entry from which Nichols was appealing was not a final appealable order because that document did not specify the manner by which Nichols had

---

[40] *Id.*

[41] *See*, *id*. at 49. Counsel on appeal was not the same as counsel at trial. *Compare*, *id.* at 47 (trial counsel Mark W. Cockley) and 49 (appellate counsel William C. Fithian, III).

[42] Final judgment was entered in Nichols's case on July 25, 2008. *Id*. at 47. Nichols filed his notice of appeal on August 22, 2008. *Id*. at 49. Ohio law provides that to be timely, a notice of appeal is to be filed within 30 days of entry of a final judgment. *See*, Ohio App. Rule 4(A); *Smith v. Konteh*, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[43] ECF # 5, Attachment at 49.

[44] *Id*. at 50-71.

[45] *Id*. at 51.

been convicted.[46] Because of this finding, the appellate court determined it had no jurisdiction and dismissed the appeal.[47]

### C. Second direct appeal

Following the dismissal of the original appeal, the trial court corrected the defect and issued an amended conviction and sentencing entry indicating that Nichols had been convicted at a jury trial.[48] In all other respects, the court restated its original order, including re-imposing the same sentence.[49]

On the same day the trial court filed its corrected entry, Nichols, through counsel, again filed notice of appeal.[50] In his merit brief, he asserted the same three assignments of error he had raised previously.[51] The State filed a responsive brief.[52] On June 26, 2009, the Ohio appellate court thereupon overruled all three assignments of error, affirming the actions of the trial court.[53]

---

[46] *Id*. at 73.

[47] *Id*.

[48] *Id*. at 74.

[49] *Id*. at 73-74.

[50] *Id*. at 76.

[51] *Id.* at 84.

[52] *Id.* at 108-142.

[53] *Id*. at 178-200.

**D.     The Supreme Court of Ohio**

On August 10, 2009, Nichols, through counsel,[54] timely filed[55] a notice of appeal with the Supreme Court of Ohio.[56] In his memorandum in support of jurisdiction, Nichols raised the following single proposition of law:

1.     Appellant was denied his statutory right to a speedy trial.[57]

In addition to specifying in the proposition of law that he was denied a "statutory" right, Nichols also stated that the issue presented by his appeal was "how far and how long a trial may be continued under the mandates of Ohio Revised Code sections 2945.72(E) and (H)."[58] The matter in this case, Nichols contended, was one of statutory interpretation of the Ohio law.[59] Specifically, he argued, if the time parameters set by the Ohio statute are to have the meaning intended by its drafters, then the continuances allowed by the trial court must be found to be excessive.[60] No federal constitutional issues were raised, nor was any federal constitutional analysis employed.

---

[54] Nichols was represented by different counsel than previously. John Frenden was counsel for the appeal to the Ohio Supreme Court. *See*, *id.* at 203.

[55] Ohio Supreme Court Practice Rule 2.2(A)(1)(a) states that a party must file a notice of appeal within 45 days of the entry of the judgment being appealed. *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[56] ECF # 5, Attachment at 201-02.

[57] *Id.* at 207.

[58] *Id.* at 208.

[59] *Id.*

[60] *Id.*

After the State filed a brief in response,[61] on November 18, 2009, the Supreme Court of Ohio denied Nichols leave to appeal, dismissing his appeal as not involving any substantial constitutional question.[62] The record does not indicate that Nichols then sought a writ of certiorari from the United States Supreme Court.

**E.     Federal habeas petition**

On February 14, 2010,[63] Nichols timely filed[64] the present petition for habeas relief, alleging a single ground for relief:

> Ground One:   Conviction obtained by violation of Constitutional right to a speedy trial.
>
> Supporting facts:  The Court violated the Constitution of the State of Ohio, of the United States and Statutory Law by waiting 13 months to bring Petitioner to trial.  Further when the Court toiled [sic] the 270 day Statutory Speedy Trial due to a defense counsel motion to dismiss for violation of speedy trial, it violated Petitioners [sic] Constitutional Rights.[65]

In response, the State contends that Nichols's sole ground for relief has been procedurally defaulted because it was not fairly presented to Ohio courts as a federal

---

[61] *Id*. at 230-42.

[62] *Id*. at 243.

[63] ECF # 1.  This is the date Nichols signed the petition and presumably submitted it to prison authorities for transmittal to this Court.  Although it was not received and docketed in this Court until February 22, 2010, the "mailbox rule" for determining filing dates applies to this petition from an incarcerated *pro se* state prisoner seeking federal habeas relief. Rule 3(d), Rules for Governance of § 2254 Petitions; *see also*, *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[64] 28 U.S.C. § 2244(d)(1) establishes a one-year limitations period for applications for habeas relief under 28 U.S.C. § 2254.

[65] ECF # 1 at 5.

constitutional claim.[66] In that regard, the State notes that Nichols presented his speedy trial argument to the state appeals court and the Ohio Supreme Court exclusively as a violation of Ohio statute.[67] Accordingly, the State asserts, since Nichols did not afford Ohio courts an opportunity to consider this claim as a federal constitutional issue during his appeal, and further, since he is now precluded by Ohio's doctrine of *res judicata* from advancing that argument as new grounds for relief in any future Ohio post-conviction motion, then, the present habeas claim should be dismissed as procedurally defaulted.[68]

Nichols did not file a traverse.

## Analysis

**A.     Preliminary observations**

Prior to considering this matter in detail, I make the following preliminary observations:

1. There is no dispute that Nichols is currently in state custody as a result of his conviction by an Ohio court, and was so incarcerated at the time he filed the present habeas petition. Thus, I recommend finding that Nichols meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[69]

---

[66] ECF # 5 at 9-10.

[67] *Id.* at 12.

[68] *Id.*

[69] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

-11-

2. There is also, as noted above, no dispute that by filing this petition on February 14, 2010, the petition was timely, in that it was filed within one year of the conclusion of Nichols's state direct appeal on November 18, 2009.[70]

3. Finally, I note that Nichols has not requested an evidentiary hearing[71] nor the appointment of counsel.[72]

**B.     Standard of review – fair presentment and waiver/procedural default**

Ordinarily, a petitioner must first exhaust his available state remedies by seeking federal habeas relief after fairly presenting his claims to the highest court of the state in which he was convicted.[73] However, if a federal habeas claim was not first fairly presented to the state court as a federal constitutional violation, and there are now no state remedies available to the petitioner to assert such a claim, the claim must be considered exhausted, since no state remedies remain, but will be deemed procedurally defaulted or waived by the federal court.[74] As such, a waived claim can only be considered on habeas review upon a showing of cause and prejudice to excuse the waiver, or a showing of actual innocence.[75]

To establish "cause" in this context, a petitioner must show that some objective factor, something external to him that cannot fairly be attributed to him, precluded him from fairly

---

[70] 28 U.S.C. § 2244(d)(1); *Bronaugh v.Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[71] 28 U.S.C. § 2254(e)(2).

[72] 28 U.S.C. § 2254 (h).

[73] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[74] *See*, *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (citation omitted).

[75] *Id.*

presenting his claim while state remedies were available.[76] If cause is to be attributed to ineffective assistance of counsel, that claim of ineffective assistance itself must have been first presented to and exhausted in state court.[77] Demonstrating "prejudice" requires showing that the complained-of constitutional error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension.[78] There can be no prejudice, however, where the petitioner cannot show a reasonable probability of a different result at trial.[79] Actual innocence requires new, reliable evidence not available at trial that makes it more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[80] Actual innocence should be understood to mean "factual innocence, not mere legal insufficiency."[81]

To determine if the petitioner fairly presented his claims to the state courts as a federal constitutional matter, the Sixth Circuit teaches that the habeas court should consider the following factors: (1) whether the petitioner relied on federal cases employing constitutional analysis; (2) whether the petitioner relied on state cases using federal constitutional analysis; (3) whether the petitioner phrased the claim in terms of federal constitutional analysis or in

---

[76] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[77] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

[78] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[79] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[80] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

[81] *Bousely v. United States*, 523 U.S. 614, 623 (1998).

terms sufficiently particular to allege a violation of a specific constitutional right; or (4) whether the claim alleged facts within the mainstream of constitutional law.[82]

In this regard, general allegations of the denial of a fair trial or due process, of themselves, do not fairly present a claim of a violation of a specific federal constitutional right.[83] Similarly, fair presentment of a federal constitutional claim does not occur simply because a similar state law claim was made.[84] Essentially, to fairly present a federal constitutional claim to the state courts, the petitioner must advance the same claim under the same theory to the state court that is then presented to the federal court.[85]

## C. Application of standard – Nichols's petition should be found procedurally defaulted and dismissed.

As detailed above, I initially recommend finding that Nichols presented his speedy trial claim to the Ohio courts exclusively as a matter of state statutory law. In both his brief to the Ohio appeals court[86] and to the Ohio Supreme Court,[87] the speedy trial claim was presented briefly[88] and only as matter of proper application of the statutory time calculations.

---

[82] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[83] *Id*.

[84] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[85] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[86] ECF # 5, Attachment at 94.

[87] *Id*. at 208-09.

[88] It was asserted in a single paragraph before the appeals court and in two, short paragraphs in the brief to the Supreme Court of Ohio.

In that regard, I further recommend finding that the State's argument concerning procedural default for lack of fair presentment to be well-taken. As discussed, by presenting the speedy trial claim to Ohio courts as he did, Nichols did not fairly present that claim as a federal constitutional issue. Thus, by not fairly presenting the claim, Nichols has procedurally defaulted or waived it for federal habeas purposes.

In addition, I note that there is nothing in the record to establish cause and prejudice concerning this issue, nor has Nichols presented any claim of actual innocence such as would excuse the default. Thus, the petition should be dismissed because the ground asserted is procedurally defaulted or waived as not fairly presented on appeal to the Ohio courts.

## Conclusion

For the reasons given, I recommend that the *pro se* petition of William A. Nichols for a writ of habeas corpus be dismissed.

Dated: January 25, 2011                             s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[89]

---

[89] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).